# EXHIBIT 2




DISTRICT COURT
**FILED**

FEB 11 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

APRIL RUSSELL, )
)
    Plaintiff, )
) **CJ-2015-00571**
vs. )
) Judge: **DAMAN CANTRELL**
GEICO GENERAL INSURANCE )
COMPANY, )
) ATTORNEY LIEN CLAIMED
) JURY TRIAL DEMANDED
    Defendant. )

## PETITION

COMES NOW the Plaintiff, April Russell (hereinafter referred to as "Russell") and for her cause of action against the above named Defendant, Geico General Insurance Company (hereinafter referred to as "Geico") alleges and states as follows:

### I.

### PARTIES

1. Russell was, at all times relevant hereto, a resident of Tulsa County, Oklahoma.

2. Geico was an Insurance Company licensed to transact insurance under the laws of the State of Oklahoma at the time of the incident complained of in this Petition.

### II.

### FACTUAL BACKGROUND

3. That on or about the 7th day of November, 2010, on a public roadway in the City of Tulsa, Tulsa County, Oklahoma, Charles Collinson negligently drove his vehicle in such a way as to collide with the vehicle being driven by April Russell.

4. That as a direct result of the negligence of Charles Collinson, Plaintiff was thrown about the vehicle, suffered great pain of body and mind, was unable to transact her business and suffered general and special damages, together totaling a sum in excess of $75,000.

5. In November of 2012, Russell filed a lawsuit in the District Court of Tulsa County against Collinson.

6. In May of 2013 and after finding out through discovery what the liability limits of Collinson were, Russell put GEICO on notice that she might be making a claim for uninsured motorist benefits under the Policy.

7. In July of 2013, Russell made a claim for uninsured motorist benefits with GEICO. As a part of this claim, Russell provided GEICO with the information it needed to properly and timely adjust her UM claim. Russell's personal injury claim is worth in excess of $50,000.00 and therefore UM benefits are properly due.

8. In September of 2013, Russell settled her case and claim against Collinson for his liability limits of $25,000.00.

9. In October of 2013 and as a part of the settlement, Russell dismissed her lawsuit against Collinson.

10. Prior to settling with Collinson, GEICO waived its subrogation right related to this matter.

11. In September of 2013, Russell provided additional information to GEICO and renewed her claim for UM benefits.

12. In November of 2013, GEICO wrongfully denied Russell's UM claim.

13. In January of 2014, Russell sent GEICO additional medical information and reasserted her claim for UM benefits.

14. On December 30, 2014, GEICO again wrongfully denied Russell's request for UM benefits and wholly refused to pay her UM benefits.

15. At all times relevant hereto, Russell was insured by GEICO under the Policy.

16. At all times relevant hereto, GEICO had a legal, statutory and fiduciary duty to assist Russell pursue her claim for UM benefits under the Policy, and to reasonably and timely adjust and evaluate her claim for UM benefits.

17. At all times relevant hereto, GEICO had a legal, statutory and fiduciary duty to Russell to properly and fairly evaluate the medical information related to Russell's injuries and, if the need arose to use medical professionals to evaluate Russell's injuries and treatment, to use neutral and objective medical professionals and not "defense" doctors for this purpose just so that it can improperly deny Russell's claim. In this regard, GEICO has a duty to give fair and objective credence to Russell's treating doctors and their opinions, and not just find a defense witness that will say the opposite for pay, which it did.

18. Prior to denying Russell's claim for UM benefits in December of 2014, GEICO employed a doctor to do a Defense Medical Examination of Russell that it knew was notorious for being biased in favor of the insurance industry. Not surprisingly, this doctor made findings consistent with GEICO's previous decision to deny benefits.

19. Before submitting to the DME, GEICO was notified of the reputation of the doctor employed by GEICO, and GEICO initially stated that they didn't know of his reputation and agreed that he shouldn't be used in a first party matter; however, GEICO changed its position and demanded that Russell be examined by said doctor.

20. The knowing use of a "defense" expert witness by GEICO for the sole purpose of unfairly assessing Russell's medical information and providing a basis for claim denial, without

regard to the true fact, is wrongful, bad faith and a breach of its legal and fiduciary duties to Russell.

21. In addition, GEICO improperly and in bad faith conditioned the timely adjustment of Russell's UM claim for benefits on unnecessary and baseless requests for information from Russell, and these unnecessary, frivolous and baseless requests for information were for the improper, wrongful and bad faith reason of unnecessarily delaying and denying the payment of benefits to Russell.

22. To date, GEICO has unlawfully and completely failed to properly evaluate Russell's personal injury claim and has wholly refused to pay Russell UM benefits due her under the Policy.

23. GEICO's valuation of Russell's personal injury claim, for purposes of determining her right to UM benefits, is and has been unreasonably low and inadequate, and its low evaluation is unreasonable and in bad faith.

24. GEICO has breached its contractual duties under the Policy as described above and in failing to pay UM benefits due Russell under the Policy.

25. As a result of GEICO's wrongful and bad faith conduct, Russell has been deprived of UM benefits for an extended period of time and been compelled to hire legal counsel to recover her UM benefits.

26. GEICO has in bad faith engaged in the unlawful, unfair and deceptive insurance practices forbidden under Oklahoma law, including but not limited to, failing to assist an insured person process a claim for benefits, failing to timely and properly adjust a claim for benefits, by conditioning adjustment of a claim on unnecessary and frivolous requests for information, by refusing to properly, fairly and objectively valuing a claim and promptly making payment of

benefits, by compelling its insured to employ legal counsel to get paid benefits due them, and by "trumping up" medical evidence with which to defend an improper denial of benefits.

### III.

### BREACH OF CONTRACT

27. GEICO has breached the Policy by not placing an evaluation of Russell's personal injury claim at $50,000.00 or more and by failing to pay Russell the $25,000.00 in UM benefits due her under the Policy.

28. As a result of GEICO's breach of contract, Russell has been wrongfully denied the use of said UM benefits and has been caused to hire legal counsel to recover the UM benefits due her.

29. That GEICO's actions were intentional, willful and wanton against Plaintiff and Defendant should be punished as a deterrent to keep them and others like them who are in similar positions from acting in such a manner in which the Defendant has acted against the Plaintiff. Theses damages should be set in an amount in excess of $10,000.00

### IV.

### ACTIONS IN BAD FAITH AND UNFAIR DEALINGS

30. Plaintiff hereby incorporates paragraphs 1 through 16 as allegations under this second cause of action.

31. GEICO's actions amount to failure to deal fairly and in good faith with Russell, contrary to common law and Oklahoma statutory law.

32. As a result of GEICO's bad faith conduct, Russell has been wrongfully denied the use of said UM benefits and has been caused to hire legal counsel to recover the UM benefits due her.

33. That Defendant's actions of bad faith were intentional, willful and wanton against Plaintiff, and Defendant should be punished as a deterrent to keep them and other like them who

are in similar positions from acting in such a manner in which the Defendant's have acted against the Plaintiff. These damages should be set in an amount in excess of $10,000.00

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendant in an amount in excess of $10,000.00, as and for general and special damages; as well as punitive damages against the Defendant in an amount in excess of $10,000.00, together with pre-judgment and post-judgment interest, costs, and any other relief this Court deems just and equitable.

Respectfully submitted,

MARLIN R. DAVIS, PC

Marlin R. Davis, OBA #10777
8908 S. Yale Ave., Ste 245
Tulsa, Oklahoma 74137
(918) 742-0900
(918) 742-0001 (Fax)
*Attorney for Plaintiff*