# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 15-CV-0128-CVE-PJC |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is plaintiff's motion to dismiss (Dkt. # 17) her bad faith and unfair dealing claim pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff, who purchased uninsured motorist coverage from defendant, was injured in an automobile accident with an uninsured motorist. Dkt. # 2-2, at 3-4. While a lawsuit against that individual was pending, plaintiff submitted a claim to defendant. Id. at 3. Defendant denied the claim initially and again after plaintiff provided additional information. Id. at 3-4. Plaintiff filed suit against defendant in state court, alleging claims of breach of contract and bad faith and unfair dealings. Id. at 6-7. Defendant removed to this Court on the basis of diversity jurisdiction. Dkt. # 2, at 3. Plaintiff now seeks to dismiss without prejudice her second claim. Dkt. # 17, at 1. She further stipulates that the dismissal of that claim would limit her recovery to less than $75,000, arguably ending this Court's subject matter jurisdiction. Id. Defendant responds that any dismissal should be with prejudice in order to prevent plaintiff from renewing her bad faith claim at a later date. Dkt. # 19, at 3. Moreover, defendant objects to any remand of these proceedings. Id. Plaintiff has filed a reply. Dkt. # 20.

". . . [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Unless a defendant can show "legal" prejudice

from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." Cnty. of Santa Fe v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1048 (10th Cir. 2002). However, "[t]his list of factors 'is by no means exclusive,' and factors that are 'unique to the context of the case' must also be considered." Id. (quoting Ohlander, 114 F.3d at 1537). To ensure that "substantial justice is accorded to both parties," the Court must consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

The factors identified in County of Santa Fe weigh in favor of dismissal. Plaintiff's case has been pending in this Court for approximately four months. Defendant has filed an answer but no pre-answer motion, see Dkt. # 12, and discovery will continue until September 8, 2015. Dkt. # 15. Thus, defendant has likely spent relatively little effort or expense in preparing for trial on plaintiff's bad faith claim, and the litigation is at an early stage. The fact that plaintiff moved to dismiss her claim during discovery, when the parties must investigate the merits of the claims, is some evidence that she did not delay unduly before seeking dismissal. Defendant does not appear to object to the dismissal of plaintiff's bad faith claim, merely to that dismissal being without prejudice to future refiling. See Dkt. # 19, at 3. Plaintiff provided no explanation of the need for dismissal but, bearing in mind the weight of the other factors and defendant's apparent non-objection, the Court finds that plaintiff's bad faith claim should be dismissed.

The question remains whether that dismissal should be with or without prejudice. Under Rule 41(a)(2), "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The rule also states that the dismissal must be "on terms that the court considers proper." The Tenth Circuit has said that Rule 41(a)(2) is intended "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). Defendant argues that plaintiff's actions show an element of gamesmanship, in that plaintiff would re-file her bad faith claim at a later date if she proves successful on her breach of contract claim. Dkt. # 19, at 3. It further argues, citing several Oklahoma decisions, that such re-filing would be impermissible claim splitting under Oklahoma law. Id. at 2-3. However, such arguments are premature, as plaintiff gives no indication that she would re-file her bad faith claim at a later date. Moreover, it is not entirely clear that bringing the breach of contract claim against defendant to its conclusion would be impermissible claim splitting on the distinct claim of insurer bad faith. See Roemer v. State Farm Fire & Cas. Co., No. 06-CV-0663-CVE-PJC, 2007 WL 527863, at *5 (N.D. Okla. Feb. 14, 2007) ("The Oklahoma Supreme Court has clearly stated that breach of contract and bad faith claims are separate bases for recovery, even though 'indemnity for loss' is the centerpiece for both types of claims." (quoting Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1258 (Okla. 1999))). Under the circumstances, the Court finds that dismissal without prejudice is appropriate at this time.

The parties stipulate that the damages for plaintiff's breach of contract claim would not exceed $75,000, Dkt. # 17, at 1, Dkt. # 19, at 3, causing the Court to sua sponte consider its own subject matter jurisdiction. See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether

subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting Arbaugh v. Y & H Corp. 546 U.S. 500, 501 (2006))); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendant removed this case from state court on the basis of diversity jurisdiction. Dkt. # 2, at 3. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). Plaintiff implies that the parties' stipulation as to damages would preclude the exercise of jurisdiction under § 1332(a), requiring remand. Dkt. # 17, at 2. However, the Supreme Court has repeatedly said that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co v. Red Cab Co., 303 U.S. 283, 293 (1938); Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (noting that federal courts should keep a removed case, even where a post-removal event defeats jurisdiction); see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."). Thus, the parties' stipulation that plaintiff cannot recover more than $75,000 does not divest this Court of its pre-existing subject matter jurisdiction under § 1332(a).

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Dkt. # 17) is **granted**. Plaintiff's claim for bad faith and unfair dealings only is **dismissed without prejudice**.

**DATED** this 16th day of July, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE