## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL RUSSELL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 15-CV-0128-CVE-PJC** |
| | ) |
| GEICO GENERAL INSURANCE COMPANY, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is plaintiff's motion to remand (Dkt. # 22) and brief in support. Plaintiff

initially filed this case in state court, and defendant timely removed. Dkt. # 2. In a previous motion,

plaintiff requested voluntary dismissal without prejudice of her bad faith claim. See Dkt. # 17. At

that time, the parties stipulated that plaintiff's breach of contract claim has a maximum value of

$25,000. Dkt. # 17, at 1; Dkt. # 19, at 3. The Court granted plaintiff's motion to dismiss without

prejudice her bad faith claim but noted that it retains subject matter jurisdiction over the breach of

contract claim. Dkt. # 21. Plaintiff now moves to remand this case to state court, arguing that the

Court has discretion to remand based on its supplemental jurisdiction over the breach of contract

claim.

Remand is proper where the case was removed from state court and where "at any time

before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.

§ 1447(c). Removal to this Court was predicated on 28 U.S.C. § 1332, which grants "district courts

. . . original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

Plaintiff is a citizen of Oklahoma, Dkt. # 2-2, at 2, while defendant is both incorporated in and has

its principal place of business outside of Oklahoma. Dkt. # 1. Plaintiff admits that her state court petition "alleged damages in excess of $75,000." Dkt. # 22, at 1. Thus, under § 1332 the Court had original jurisdiction over plaintiff's claims.

Plaintiff's voluntary dismissal of her bad faith claim and stipulation of damages as to her breach of contract claim do not affect the Court's original jurisdiction under § 1332. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co v. Red Cab Co., 303 U.S. 283, 293 (1938); Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (noting that federal courts should keep a removed case, even where a post-removal event defeats jurisdiction); see also Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."). The Court had original jurisdiction over plaintiff's claims from the outset, as the parties are diverse and plaintiff alleged damages in excess of $75,000. Thus, as the Court stated in its previous opinion and order, "the parties' stipulation that plaintiff cannot recover more than $75,000 does not divest this Court of its pre-existing subject matter jurisdiction under § 1332(a)." Dkt. # 21, at 3.

Plaintiff argues that remand should be granted because the Court has discretion to remand those claims over which it exercises supplemental jurisdiction under 28 U.S.C. § 1367. Dkt. # 22, at 3. Section 1367 grants "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court does not have subject matter jurisdiction over plaintiff's breach of contract claim pursuant to § 1367;

rather, the Court has original jurisdiction over plaintiff's breach of contract claim pursuant to §

1332. Thus, there is no need to consider whether remand is proper under § 1367(a).

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 22) is hereby

**denied**.

**DATED** this 22nd day of July, 2015.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE